## UNITED STATES v. McEWAN.

*(Circuit Court, S. D. New York.  December 29, 1890.)*

ASSAULTING INSPECTOR OF CUSTOMS.

    An inspector of customs, whose official duties require him to be at a particular dock, there to await the arrival of a vessel, so as to watch the discharge of her cargo or superintend it, if at such a place for that purpose, is there in the discharge of his duties as such inspector, and an assault made on the inspector under such circumstances is such an interference with the discharge of his official duties as to bring the offender within the provisions of section 5447 of the Revised Statutes of the United States.

Petition for Writ of *Habeas Corpus.*

The defendant was arrested on complaint of one Hovell, an inspector of customs, which charged the defendant with having assaulted him while he (complainant) was at pier 25 North river, in the discharge of his duties as such inspector.  On the examination the following facts appeared:  That the complainant was an inspector of customs, detailed to pier 25 North river, there to await the arrival of a certain vessel, to watch the discharge of her cargo, and to superintend the same.  The complainant was sitting in a small frame house at the head of the dock, which the defendant entered.  As he went in, the complainant was reading a newspaper, and at that particular time was not engaged in performing any of his duties as inspector of customs.  Some discussion took place between the complainant and the defendant, when the latter struck the complainant.  At the close of the case for the government, defendant's counsel moved for the discharge of the defendant, upon the ground that the assault was not committed on the complainant while he was acting in the discharge of his duties as an inspector of customs, and therefore the case did not come within the provisions of section 5447 of the Revised Statutes of the United States.  The commissioner denied the motion.  No evidence then being offered in behalf of the defendant, the commissioner held the defendant in bail, to await the action of the grand jury.  This is a proceeding to review the action of the commissioner by writ of *certiorari* and *habeas corpus.*

*Maxwell Evarts,* Asst. U. S. Atty.

*Hess, Townsend & McClelland, (Charles A. Hess,* of counsel,) for defendant.

LACOMBE, Circuit Judge.  The facts of this case seem clearly within the phraseology of section 5447.  The officer was, during the hours devoted to the discharge of his official duty, at the place where he was assigned to discharge that duty.  He was as much engaged in that service while sitting at his post waiting for the arrival of the ship, or the discharge of the cargo, as he would have been if superintending such discharge.  Moreover, at the very moment the physical assault was committed he was actually engaged in an examination of papers officially before him, and inquiring as to the disappearance of certain

cases, the disposition of which it was his duty to know about. Where an assault is made under such circumstances, it will be presumed that its result—an interference with the discharge of such duty—was intended. Writ of *habeas corpus* dismissed.